IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. HERNANDEZ-LAGUER and his wife MILAGROS ELIZA RIOS-BAEZ, both on their own behalf, in representation of the conjugal partnership formed between them and representing their minor children Carlos Jesus Hernandez-Rios and Camile Leari Hernandez-Rios<br><br>Plaintiffs<br><br>v.<br><br>M/V GLYFADA, her engines, boilers, tackles and appurtenances; EUDA SHIPPING LTD, EASTERN MEDITERRANEAN MARITIME LTD; NURSHIP; GARP; ABC and XYZ Marine Companies; JANE, RICHARD ROE and PETER POE; and MAN and CAT Insurance Companies<br><br>Defendants | CIVIL NO.<br><br>In Admiralty |

**COMPLAINT**

TO THE HONORABLE COURT:

COME NOW plaintiffs through their undersigned counsel, and very respectfully request, state and pray:

**I.   JURISDICTION**

1.  The present is an action within the Admiralty Jurisdiction of this Honorable Court, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and under the "saving to suitors" clause, United States Code, Title

1

28, Section 1333(1). In the alternative, Federal Question pursuant to the United States Code, Title 28, Section 1333.

## II.  THE PARTIES

2.  Plaintiffs Carlos A. Hernandez-Laguer and Milagros Eliza Rios-Baez (hereinafter "CARLOS" and "MILAGROS", respectively) are of legal age, married to each other and are residents of Building B, Apartment 19, Parque San Agustin, Puerta de Tierra, San Juan, Puerto Rico, 00901. Carlos and Milagros live with their children, co-plaintiffs Carlos Jesus Hernandez-Rios and Camile Leari Hernandez-Rios, both minors, currently of 14 and 9 years of age, respectively. Carlos and Milagros appear on their own behalf, on behalf of the conjugal partnership formed between them and in representation of their minor children Carlos Jesus and Camile Leari.

3.  The vessel Glyfada ("hereafter referred to as "the M/V Glyfada" or "the vessel") is a Maltese vessel. The M/V Glyfada is now or will be during the pendency of this action within the navigable waters of this district and within the jurisdiction of this Honorable Court. At all relevant times, the Glyfada was manned and/or operated and/or otherwise controlled by the defendants named below.

4.  Codefendant EUDA SHIPPING LTD (Euda) is a Maltese corporation. At all material times herein, co-defendant Euda, was, and still is, a vessel owner, charterer or operator that

owned, operated, manned, chartered and/or otherwise controlled the vessel M/V Glyfada.

5. Eastern Mediterranean Maritime Ltd. (Eastern Mediterranean) is a Greek entity. At all material times herein, co-defendant Eastern Mediterranean, was, and still is, a vessel owner, charterer or operator that at all relevant times owned, operated, manned, chartered and/or otherwise controlled the vessel M/V Glyfada.

6. Nurship is a Turkish corporation. At all material times herein, co-defendant Nurship, was and still is a vessel owner, charterer or operator that at all relevant times owned, operated, manned, chartered and/or otherwise controlled the vessel M/V Glyfada.

7. Co-defendants ABC and XYZ Marine Companies are any other private or public entities whose identities are presently unknown, that through their acts or omissions caused or contributed to the damages suffered by the plaintiffs as hereafter described. Said co-defendants owned, operated, manned, chartered and/or otherwise controlled, or provided maintenance to the vessel M/V Glyfada.

8. Codefendants Jane Doe, Richard Roe and Peter Poe are natural persons whose identities are presently unknown, that through their acts or omissions caused or contributed to the damages suffered by the plaintiffs as hereafter described or

that otherwise respond to plaintiffs.

9. GARD is a Protection and Indemnity Club that at all relevant times herein, insured some or all of the defendants for the matters and risks alleged in the instant *Complaint*, and thus, are also jointly liable to plaintiff for the relief herein sought.

10. MAN and CAT Insurance Companies are entities other than the above that at all relevant times herein, insured some or all of the defendants for the matters and risks alleged in the instant *Complaint*, and thus, are also jointly liable to plaintiff for the relief herein sought.

11. All codefendants are jointly and severally liable to plaintiffs for the damages caused to them.

### III.   THE FACTS

12. On October 28, 2012, the M/V Glyfada was docked in navigable waters alongside a pier at the Port of San Juan. At the time, cargo was being unloaded from the M/V Glyfada. The work was being performed by employees of Transcaribbean Maritime Corp.

13. At approximately 10:30 a.m., Carlos was working unloading steel bars from the M/V Glyfada, using the vessel's cranes. Suddenly, a part of a crane broke. Carlos received a violent impact in his head.

14. Due to the impact, Carlos fell unconscious on the deck of the M/V Glyfada. He was taken by an ambulance to the hospital where he was admitted to the intensive care unit.

15. Among others, Carlos suffered neurological damages and suffers permanent impairment and disability. As of this day and due to the injuries suffered in the accident described above, Carlos is still under medical treatment and has not been able to return to work.

**IV.** FIRST CAUSE OF ACTION-NEGLIGENCE (TORTS)

16. The proximate cause of the above described accident was the negligence of the defendants, either individually or concurrently, in the exclusive respects:

    (a)    Breach of a legally imposed duty of reasonable care owed to Carlos;

    (b)    Failure to provide a reasonably safe premise;

    (c)    Failure to provide an adequate complement of employees and/or equipment;

    (d)    Failure to provide or institute a reasonably safe means, process, or procedure to perform the tasks being performed;

    (e)    Failure to provide adequate equipment to perform the tasks which Carlos was directed to perform;

    (f)    Creation and maintenance of an unseaworthy vessel;

(g)     Failure to take any means or precautions for the safety of invitees aboard the Glyfada;

(h)     Failure to supervise employees properly;

(i)     Failure to warn of dangers or hazards;

(j)     Failure to take safety measures while conducting repairs;

(k)     Failure to repair or replace equipment in a timely manner;

(l)     Other acts of negligence which will be proven upon the trial of this cause.

17. The damages suffered by all plaintiffs are the direct and proximate result of defendants' negligent acts or omissions.

### V.   SECOND CAUSE OF ACTION-UNSEAWORTHINESS

18. Plaintiffs repeat and re-allege all of the foregoing paragraphs, as if herein set forth at length, and in addition thereto, alleges:

19. Pursuant to the General Maritime Law of the United States of America, Defendants had the absolute and non-delegable duty to provide Carlos a safe and seaworthy vessel and appurtenances and to provide a safe premise.

20. The accident described above was caused by the M/V Glyfada's equipment and/or condition which were not reasonably fit for its intended use. Accordingly, the M/V Glyfada was unseaworthy.

21. The damages suffered by all plaintiffs are the direct and proximate result of the unseaworthiness of the M/V Glyfada.

## VI. THIRD CAUSE OF ACTION-LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT

22. In the alternative, defendants are liable to plaintiffs within the meaning of the Longshore and Harbor Workers' Compensation Act Jones Act (33 U.S.C.A. § 901, et seq.) and the General Maritime Law of the United States of America.

23. Under the Longshore and Harbor Workers' Compensation Act, a vessel owner must exercise ordinary care to maintain the ship and its equipment in a condition that allows for a safe loading and unloading of cargo. A shipowner must also warn of latent hazards, that are known or should be known to the shipowner.

24. Defendants failed in their duties to provide a safe ship and to warn Carlos of hazards, causing the damages described herein. Accordingly, defendants are liable to plaintiffs.

## VII. DAMAGES

25. All of the preceding causes of action are adopted by reference.

26. The proximate and only cause of plaintiffs' damages were defendants' negligent acts or omissions and, in the

alternative, violations of federal law. As a consequence of the accident suffered by Carlos, all plaintiffs have suffered severe, permanent and irreparable damages that are extolled heretofore:

27. The severe blow to his head and neck caused, among other conditions, a right parietal fracture, brain laceration, concussion, brain contusion and cervical injury. He is suffering from continuous headaches and seizures. Carlos suffers from permanent neurological damages.

28. Carlos has been in treatment and rehabilitation for a full year and has not been discharged.

29. In addition, Carlos's present problems include the following:

    a) Lack of concentration;

    b) Pain;

    c) Decreased activity in daily living;

    d) Experiences depression and nervousness;

    e) Suffers from constant pain in neck and head;

    f) Cannot work;

    g) Cannot enjoy life;

    h) Swelling.

30. Due to the physical damages and impairment, Carlos feels trapped and that he cannot undertake regular personal, professional and family activities.

31. All of the above and other conditions have and will make Carlos experience severe depression, physical pain and other moral and emotional damages for the rest of his life.  A young man, his life expectancy is almost a normal one.  These physical and emotional damages and physical pain are worth no less than **three million dollars ($3,000,000.00).**

32. Due to all the above physical bodily damages, Carlos has not been able to work and probably cannot work anymore.  The loss of income that the conjugal partnership has and will experience during his lifetime will be no less than **four hundred and fifty thousand dollars ($450,000.00).**

33. Milagros has deep emotional pain and suffering.  She has suffered from watching Carlos and their children suffer.  At home, Milagros has had to undertake all the chores and responsibilities that she and Carlos shared before the accident, plus she now has to take full time care of Carlos for the rest of their lives.

34. Due to the above, Milagros claims for loss of consortium, loss of love, affection, care, attention, comfort

and protection.  Milagros' damages are worth no less than **one million dollars ($1,000,000.00)**.

35.  Children Carlos Jesus and Camile Leari have also experienced great emotional turmoil derived from their father and mother's condition.  Their damages are worth no less than three hundred thousand **dollars <u>each</u> ($300,000.00)**.

36.  Carlos is entitled to receive compensation for all the necessary rehabilitation, medical services, treatment, medicines, equipment, and other for his conditions for the rest of his life.  Said amounts are estimated in no less than **two hundred thousand dollars ($200,000.00)**.

**WHEREFORE** plaintiff respectfully requests from this Honorable Court the following:

a.  That process in due form of law according to the practice of this Court be issued against defendants.
b.  That if any of the defendants cannot be found within this District, that all their property within this District as shall be described in the affidavit to be filed, be attached in the sum requested in the complaint, together with interests, costs, expenses, and attorney's fees.
c.  That judgment is entered against defendants, jointly and severally, in favor of plaintiff for the sum requested, with interests, costs, expenses and attorney's fees.

d. That plaintiff may have such other further and different relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of October, 2013.

> s/GIANCARLO FONT
> **GIANCARLO FONT**
> **USDC-PR NO. 210612**
> I CENTRO INTERNACIONAL DE MERCADEO
> #100 165 ROAD, SUITE 404
> GUAYNABO, PR 00968
> *TEL.(787)622-6999/FAX.(787)622-6996*
> *gfont@drcprlaw.com*

11

**VERIFICATION**

I, GIANCARLO FONT-GARCIA, of legal age, single, attorney at law, and resident of Guaynabo, Puerto Rico, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1. That my name and other personal circumstances are as above stated.

2. That I am the attorney for plaintiffs in the subject action and we prepared the foregoing Complaint following instructions received from plaintiffs that are unavailable at the moment to sign same and based on the information furnished to me, including multiple documents, I declare that the contents of said Complaint are true to the best of my knowledge, information and belief.

3. That the foregoing is the truth and nothing but the truth and this verification is made by me on behalf of plaintiff since it is a corporation and its officers are not available at this time to sign.

In Guaynabo, Puerto Rico, this 27th day of October, 2013.

Sign under penalty of perjury.

S/GIANCARLO FONT-GARCIA

**WHEREFORE,** plaintiffs pray that after due proceedings had and the expiration of all legal delays, that:

1. There be judgment rendered herein in favor of plaintiffs, individually and as personal representative of the minor children of her marriage with decedent, Daugther, and Son, and against all defendants, in the full and true sum of $ ___ , together with all legal interest thereon from date of judicial demand until paid, for this negligence and/or the unseaworthiness of their vessel which directly caused the injuries of Carlos and for all costs of these proceedings;

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this ___ day of October, 2013.

        s/GIANCARLO FONT
        **GIANCARLO FONT**
        **USDC-PR NO. 210612**
        I CENTRO INTERNACIONAL DE MERCADEO
        #100 165 ROAD, SUITE 404
        GUAYNABO, PR  00968
        *TEL.(787)622-6999/FAX.(787)622-6996*
        *gfont@drcprlaw.com*